UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| | | | |
|---|---|---|---|
| Case No. | **CV 13-01192 DMG (MRWx)** | Date | March 28, 2013 |
| Title | *Solalie Martinez v. Guess? Inc., et al.* | Page | 1 of 2 |

Present: The Honorable   **DOLLY M. GEE, UNITED STATES DISTRICT JUDGE**

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

On December 31, 2012, Plaintiff Solalie Martinez filed a class action complaint in Los Angeles County Superior Court against Defendant Guess?, Inc. ("Guess"), raising eight causes of action under various state labor laws and for unfair business practices.  On February 19, 2013, Guess removed the action to this Court, asserting subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453 [Doc. # 1].

On February 28, 2013, this Court issued an order to show cause ("OSC") why the action should not be remanded to the Los Angeles County Superior Court for lack of subject matter jurisdiction.  [Doc. # 7].  CAFA eases restrictions on federal diversity jurisdiction in certain cases.  When the primary defendants and more than one-third but less than two-thirds of the putative class members are citizens of the state in which the action was originally filed, the district court *may* decline to exercise jurisdiction.  28 U.S.C. § 1332(d)(3).  When the primary defendants and two-thirds or more of the putative class members are citizens of the state in which the action was originally filed, the district court *shall* decline to exercise jurisdiction.  *Id*. § 1332(d)(4)(B).

Plaintiff seeks to certify a class of persons who worked for Defendants in the State of California, where Guess is also a citizen. (Compl. ¶ 15; Notice of Removal ¶ 9.)  Plaintiff asserts that the class is comprised of approximately 1000 persons in 40 store locations throughout California.  Defendant asserts that removal is proper because "at least one class member" is diverse, and a "significant number of the putative class members are domiciliaries of states other than California or Delaware."  (Notice of Removal ¶¶ 6, 8.)  In response to the OSC, Guess has stated that it cannot establish that less than two-thirds of the putative class are California residents.  (Response at 5)[Doc. # 11].  Because the burden of demonstrating subject matter jurisdiction falls on the removing party, Guess's statement is equivalent to an admission that removal was improper.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| Case No. | CV 13-01192 DMG (MRWx) | Date | March 28, 2013 |
|---|---|---|---|
| Title | *Solalie Martinez v. Guess? Inc., et al.* | Page | 2 of 2 |

     In light of the foregoing, this action is hereby **REMANDED** to the Los Angeles County Superior Court.

**IT IS SO ORDERED.**